# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID O. COOK,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-894-Orl-31KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment.  Doc. No. 5.  This matter has been referred to me for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**I.    PROCEDURAL HISTORY.**

On June 30, 2006, David O. Cook filed a complaint in this Court seeking review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits under the Federal Old Age, Survivors and Disability Insurance Program, 42 U.S.C. § 401, *et seq*.  Doc. No. 1; *see also* Doc. No. 5-2 at 8-14. Thereafter, the Commissioner filed the present motion, in which she contends that Cook did not file his complaint in this case within sixty days after he received notice of the final decision of the Commissioner denying his application for benefits.  Doc. No. 5.  In support of the motion, the Commissioner submitted the Declaration of John J. Timlin, Acting Chief of the Court Case

Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, and portions of the administrative record in this case. Doc. No. 5-2 (Timlin Aff.).

The Commissioner relies on evidence outside the pleadings in support of her motion to dismiss or, in the alternative, motion for summary judgment. Hence, on September 22, 2006, I entered an Order advising the parties that the Court would treat the motion as a motion for summary judgment and notified the plaintiff that he had the right to submit evidence in support of his response to the motion. Doc. No. 6. Pursuant to that Order, Cook filed a response to the defendant's motion, doc. no. 8, supported by the affidavit of Shari Helmer, Cook's attorney's legal assistant, doc. no. 9.

**II.    STANDARD OF REVIEW.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once that showing has been made, the burden shifts to the party opposing the motion to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted). To meet this burden, the

opposing party "may not rest upon the mere allegations or denials of the adverse party's pleading[.]"  Fed. R. Civ. P. 56(e).

### III.   STATEMENT OF FACTS.

Cook applied for social security disability benefits.  On January 23, 2006, an administrative law judge issued a decision denying Cook's claim for benefits.  Timlin Aff. ¶ 3(a).  Thereafter, Cook requested review of this decision.  On April 24, 2006, the Appeals Council denied Cook's request for review.  Doc. No. 1 ¶ 5.

The Appeals Council mailed its decision to Cook with a copy to his attorney on April 24, 2006.  Timlin Aff. ¶ 3(a).  The legal assistant for Cook's attorney avers that she received the Appeals Council's decision on May 1, 2006.  Helmer Aff. ¶ 2.  Cook filed his complaint on June 30, 2006, sixty-seven days after the date the Appeals Council's decision was issued.  Doc. No. 1.

### IV.   ANALYSIS.

The Commissioner of Social Security contends that Cook's complaint was untimely, as it was filed sixty-seven days after the Appeals Council denied Cook's request for review.  Plaintiff responds that his complaint was timely because he did not receive the Appeals Council's decision until May 1, 2006, and he filed his complaint within sixty days of receiving the decision.

    A.   *Applicable Law*.

The Social Security Act provides that a claimant may obtain judicial review of a final decision by the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  The filing deadline is a statute of limitations, barring any late filed claim.  *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986).  A court, acting in equity,

may toll a statute of limitations "only upon finding an inequitable event that prevented plaintiff's timely action." *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation omitted).

The pertinent social security regulation provides that a civil action seeking review of a final decision of the SSA "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulation further provides that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.

      B.     *Whether Cook's Complaint Was Timely Filed.*

It is undisputed that Cook's complaint was not filed within sixty-five days after the date that the Appeals Council denied his request for review of the administrative law judge's decision.[1] Rather, Cook argues that because his attorney did not receive notice of the Appeals Council's decision until May 1, 2006, the complaint was timely filed sixty days after receipt of the notice. Therefore, the only issue is whether Cook has made a "reasonable showing" to rebut the presumption that he received notice of the Appeals Council's decision five days after it was issued.

---

[1] The date of the Appeals Council's denial, April 24, 2006, plus five days for mailing, results in the presumption that the decision was received on April 29, 2006. Adding the sixty days that Cook had to file his complaint, not counting the day he received the Appeals Council's denial, brings the date to file to June 28, 2006, which was a business day.

In an effort to rebut the presumption that the Appeals Council's decision was received five days after it was issued, Cook provided the affidavit of his attorney's legal assistant Shari Helmer. Doc. No. 9. Helmer avers that "[o]n Monday, May 1, 2006, I received a Notice of Appeals Council Action in the case of Mr. David O. Cook, who is the subject of the litigation." Helmer Aff. ¶ 2. Helmer provided no explanation of how she recalled the date that she received the notice, and she offered no independent corroboration of her recollection.

"Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption." *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356 (S.D. Ala. 2002) (citing *Velez v. Apfel*, No. 99-6314, 2000 WL 1506193, at *1 (2d Cir. Oct. 6, 2000)(a "conclusory allegation" of non-receipt does not constitute a reasonable showing); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997)(plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption"); *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987); *Velazquez v. Massanari*, No. 4:00CV3320, 2002 WL 246760, at *1 (D. Neb. Feb. 21, 2002)(the "bare assertion" of delayed receipt "is not the type of 'reasonable showing' contemplated by the applicable regulation"); *Marte v. Apfel*, No. 96 Civ. 9024(LAP), 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998)("[A] plaintiff must do more than merely assert that he did not receive the notice within five days."); *Leslie v. Bowen*, 965 F. Supp. 504, 506 (D. Kan. 1988); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1980)(the "mere assertion" of non-receipt "cannot provide a substitute for a more concrete showing")). In making a reasonable showing of the date upon which notice of the Appeals Council's decision was received to rebut the five day presumption, the plaintiff must offer corroborating evidence. *Id.*

In the present action, Cook has presented no evidence to corroborate the date upon which he or his attorney received the Appeals Council's decision other than Helmer's affidavit.  As discussed above, Helmer does not explain how she knows that she received notice of the decision on May 1, 2006 or offer any independent corroboration of the date of receipt.  Accordingly, under the case law discussed herein, Cook failed to present reliable evidence from which the Court can determine the date upon which Cook or his attorney received notice of the Appeals Council's decision.  Consequently, Cook has failed to make a "reasonable showing" sufficient to rebut the presumption that his attorney received notice of the Appeals Council's decision on April 29, 2006.

Cook has not presented any argument or evidence that the time for filing the complaint should be extended by application of the doctrine of equitable tolling.  Therefore, I respectfully recommend that the Court find that Cook's complaint was untimely and, therefore, barred by the statute of limitations.

## V.     RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, doc. no. 5, be **GRANTED,** that the Court **DISMISS** this case, and that the Clerk of Court thereafter close the file.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 16, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy